[No. A031270. First Dist., Div. One. Oct. 7, 1987.]

ANNE LEWIS, as Assignee, etc., Plaintiff and Respondent, v.
NEPTUNE SOCIETY CORPORATION, Defendant and Appellant.

---

**COUNSEL**

James McKiernan for Defendant and Appellant.

Goldberg, Stinnett & MacDonald, Dennis D. Davis and Jacqueline Mottek for Plaintiff and Respondent.

---

**OPINION**

**ELKINGTON, Acting P. J.**—This is an appeal from a judgment in favor of respondent Anne Lewis (assignee of the law firm of Goldberg, Stinnett & Macdonald) for $26,172.08 due as legal fees from appellant, The Neptune Society Corporation (hereafter Neptune). We affirm.

Respondent's assignor served as attorney for Neptune in a bankruptcy matter beginning in 1983. Prior to rendering legal services, Attorney Dennis Davis met with Mannie Weintraub and Charles Denning, of Neptune, and orally agreed on monthly billing and payment of fees. Neptune paid $10,000 in October 1983 and $5,000 in April 1984. The amount billed in the final invoice of June 1984 was not paid. Davis's first meeting with Neptune officials was with Weintraub and Denning, but all subsequent conversations regarding fees were with Weintraub only.

The matter was set for a half-day trial on January 28, 1985. On the day of trial, counsel for Neptune appeared and requested a one-month continuance of the trial date due to Charles Denning's inability to attend the trial. At that time, counsel served a declaration by Denning which stated that he had undergone surgery for skin cancer in November 1984, which affected his ability to appear as a witness. Denning's declaration also stated that he had

been a witness in another matter between October 1984 and January 1985 and that he was physically and mentally unable to testify as a result of the prior trial. Denning's declaration stated that his attorney advised him that his testimony was necessary on the issue of credibility.

The presiding judge denied the motion for continuance and assigned the case for trial that afternoon. Appellant renewed the motion for continuance requesting one or two days to obtain the presence of Weintraub. Counsel admitted he had instructed Weintraub not to appear because a continuance was certain, and that Denning's testimony was merely corroborative.

The request was again denied. The matter proceeded to trial on the testimony of Attorney Davis. Neptune disputed only the time of payment, not the amount due. On February 28, 1985, the court filed its judgment for respondent, finding that Neptune breached the contract to pay for legal services.

On appeal, Neptune argues only that the court abused its discretion in denying the request for a continuance. Without citation of case authority, Neptune claims that Denning's testimony was material and an excuse for his absence was established.

"The granting or denying of a continuance is a matter within the court's discretion, which cannot be disturbed 'on appeal except upon a clear showing of an abuse of discretion.' [Citation.] [¶] There is no policy in this state of indulgence or liberality in favor of parties seeking continuances. Rather, the granting of continuances is not favored and the party seeking a continuance must make a proper showing of good cause. [Citations.]" (*Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 448 [190 Cal.Rptr. 893].)

It is not an abuse of discretion to deny a continuance where the testimony sought from an unavailable witness would be cumulative to that of other witnesses. (*People* v. *Hill* (1976) 64 Cal.App.3d 16, 34-35 [134 Cal.Rptr. 443].) Counsel for Neptune admitted Denning's testimony was cumulative and that he was present only at a single meeting with Davis. In *Zlotoff* v. *Tucker* (1984) 154 Cal.App.3d 988 [201 Cal.Rptr. 692], the Court of Appeal affirmed a trial court's denial of a continuance based on medical disability of a witness. (*Id.,* at pp. 993-994.) There was no showing that the witness was a party to the contested agreement or present at any negotiations, and the court found the denial of a continuance within the trial court's discretion. (*Id.,* at p. 994.)

Even if Denning's testimony would have been important to Neptune's defense, we note that the trial court could have properly rejected his excuse.

As noted by the presiding judge, Denning's surgery occurred prior to the lengthy trial which had just concluded. Illness, even of a party, does not mandate a continuance where the trial court concludes the party is able to attend the trial. (*Kalmus* v. *Kalmus* (1951) 103 Cal.App.2d 405, 414 [230 P.2d 57].) A note from Denning's physician stated that he had been in trial for two months and was exhausted, and, in the doctor's opinion, was unable to testify. The presiding judge questioned this unsworn assessment in light of the short distance from Denning's home in San Luis Obispo and the half-day estimate of the trial length.

Procedurally, we note that motions requesting continuances are to be made upon written notice, which was not done here. (Cal. Rules of Court, rule 375.) Denning knew he would not appear at least by January 24, when he visited his doctor, yet Neptune and its counsel made no attempt to notify respondent. In addition, Code of Civil Procedure section 595.4 requires an "affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it." Denning's declaration failed to state what his testimony would be. Counsel admitted the testimony was important solely for credibility and that Weintraub was the material witness. Weintraub's absence was due solely to counsel's instruction not to attend, and no effort was made to procure his attendance at the afternoon trial after the presiding judge denied the motion in the morning.

No abuse of discretion has been demonstrated.

The judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.