Filed 3/25/16  Holmes v. Renzullo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHAWN HOLMES, | |
| Plaintiff and Respondent, | G051312 |
| v. | (Super. Ct. No. 30-2011-00487492) |
| DONNA RENZULLO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Randall J. Sherman, Judge.  Affirmed.

Legally Craig Bankruptcy Service, Craig Jago Beauchamp; Law Offices of Victor W. Luke and Victor W. Luke for Defendant and Appellant.

Menke & Menke, Dennis V. Menke and James D. Menke for Plaintiff and Respondent.

\*          \*          \*

Defendant Donna Renzullo appeals from a judgment on a breach of contract claim in favor of plaintiff Shawn Holmes following a bench trial. The sole question on appeal is whether, following six trial continuances, the trial court abused its discretion in denying her seventh request to continue trial after it had already commenced. The answer is no.

FACTS AND PROCEDURAL BACKGROUND

According to the complaint, the parties had been friends for many years. In 2006 plaintiff agreed to purchase a residence and allow defendant to reside there in exchange for defendant paying all costs. Defendant took possession of the property but failed to make the payments or repay other loans made by plaintiff to defendant. Plaintiff sued defendant for breach of contract and other causes of action.

In 2010, defendant was diagnosed with breast cancer and underwent many tests, surgeries, and radiation. Citing her illness, defendant obtained six continuances of the trial, whether by motion, application or stipulation.

Trial was scheduled to begin on Monday, November 17, 2014. The Friday before, defendant filed an ex parte motion for another continuance because she was "recovering from [another] surgery and cannot adequately appear" for trial. She requested the "[t]rial be continued until early- to mid-February 2015." The court denied the motion without prejudice.

Defendant did not appear on the date set for trial. Her recently retained counsel informed the court defendant was "medically unavailable" because she had undergone a biopsy on Friday, November 14, and could not leave the house until the upcoming Friday at the earliest. Plaintiff's counsel opposed another continuance because his client was "ready to proceed," he had "been waiting patiently for three and a half years . . . to have [his] opportunity," and the "trial date ha[d] been known for quite some

time.  [He] believe[d] that [defendant] may have rescheduled the biopsy date to try and avoid this trial."  The trial court agreed because at the November 14 hearing on defendant's ex parte motion for a continuance, it "was a little suspicious of this medical thing because of the timing and frequency of continu[ance] requests and plaintiff's counsel did admit that she was having a biopsy but then, again, there's a question of whether it was . . . on this date solely to be unavailable for trial, considering the fact that this is a 2011 case, three and a half years ago."

Defense counsel proposed starting the trial that day "and trailing the matter until she's available to testify."  The court agreed, and plaintiff's counsel stipulated to starting the trial and then trying to "get as far as possible without the defendant being here and then continue it" to the following Monday, which defense counsel confirmed was the date he believed defendant would be available.  Trial commenced and plaintiff's counsel closed his case that day.

After a week-long recess, during which defendant did not bring any motion or ex parte request to continue, the trial resumed on Monday, November 24.  On that date, defense counsel announced defendant was "medically unavailable" and presented a letter from defendant's doctor recommending she not be required to participate in trial for 90 days from November 18 because "a trial would be extremely detrimental to her healing."  The letter was prepared by defense counsel and signed by the doctor, but not under penalty of perjury.

The court denied a further continuance because it appeared defendant had intentionally chosen a date for her biopsy that would give her an excuse to not attend trial and thereby "avoid judgment."  Defense counsel requested, and was granted, five minutes to contact defendant.  When counsel could not reach her, he remembered the reason she was not in court was because she was taking her daughter to a doctor's appointment.

In December, the court entered judgment for plaintiff in the amount of nearly $850,000.

3

DISCUSSION


Defendant argues the trial court erroneously denied her continuance request because she had "established good cause" in that the many surgeries she had undergone for breast cancer, including the biopsy done three days before the trial date, had left her "medically unavailable for any court proceedings." The contention lacks merit.

The grant or denial of a motion to continue is reviewed for an abuse of discretion. (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395; *Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1603.) "'A trial court's exercise of discretion will be upheld if it is based on a "reasoned judgment" and complies with the "legal principles and policies appropriate to the particular matter at issue."'" (*Color-Vue, Inc.,* at p. 1603.)

California Rules of Court, rule 3.1332 (all rule references are to these rules) governs motions to continue a trial: "A party seeking a continuance of the date set for trial, whether contested or uncontested or stipulated to by the parties, must make the request for a continuance by a noticed motion or an ex parte application under the rules in chapter 4 of this division, with supporting declarations. The party must make the motion or application as soon as reasonably practical once the necessity for the continuance is discovered." (Rule 3.1332(b).) Additionally, 3.1332(d) provides that in ruling on a request for a continuance "the court must consider all the facts and circumstances that are relevant to the determination." "Among other facts and circumstances, the trial court properly considers the proximity of the trial date, whether there were previous trial continuances, the length of the requested continuance, and the prejudice that parties or witnesses would suffer as a result of the continuance. (Rule 3.1332(d)." (*Thurman v. Bayshore Transit Management, Inc*. (2012) 203 Cal.App.4th 1112, 1126.) "Trial continuances are disfavored and may be granted only on an affirmative showing of good cause. (Rule 3.1332(c).)" (*Id*. at p. 1127.)

4

Here, defendant's most recent request for a 90-day continuance was made orally after trial had started and plaintiff had concluded his case. No noticed motion or ex parte application complying with rule 3.1332(b) was ever filed with regard to this continuance request. Even if the oral request could be construed as such, it was not accompanied by any written declaration. The letter from her doctor recommending she not participate in any trial for 90 days from November 18 did not qualify as a declaration within the meaning of that statute, as it was not made under penalty of perjury. (Code Civ. Pro., § 2015.5 [individual making a statement by affidavit or declaration must attest to its truth under penalty of perjury pursuant to California law]; *Lewis v. Neptune Society Corp.* (1987) 195 Cal.App.3d 427, 430 [trial court could question unsworn note from physician of unavailability to attend trial "in light of the short distance [to trial] and the half-day estimate of the trial length"].) This case had been pending for over three years, defendant had already made numerous continuance requests, the length of the trial was estimated to be a maximum of one or two days, plaintiff was ready to proceed with trial and would be prejudiced by having to wait for another trial date, only to have defendant request another continuance for medical reasons. Under the facts presented here, the court did not abuse its discretion in denying defendant's request for a 90-day continuance. (See *County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 783 [no abuse of discretion in denying continuance where "[t]here was no noticed motion," request was "orally raised on the date set for trial"; "the case had been pending for over four years, the motion was not supported by written declarations," and the plaintiff was ready to proceed].)

A party does not have an absolute right to be present at trial to defend an action, even where that party's absence is due to illness. (*Thorpe v. Thorpe* (1946) 75 Cal.App.2d 605, 609.) Moreover, a party's illness does not require a continuance if the trial court concludes the party is able to attend the trial. (*Lewis v. Neptune Society Corp., supra*, 195 Cal.App.3d at p. 430.) In *Williams v. Elliott* (1954) 127 Cal.App.2d 357, 361-

5

362, the plaintiff contended he had been prejudiced because a portion of the trial was held without his presence. On the day of his absence, his attorney presented a declaration from plaintiff's physician stating plaintiff "was suffering from an ulcer of the duodenum and was in no condition to appear in court at that time." (*Id*. at p. 361.) Plaintiff's counsel offered to allow a certain portion of the trial to take place but requested the rest of it be moved to a more convenient date for the plaintiff. (*Id*. at pp. 361-362.) Testimony from the defendant showed the plaintiff had been parked in front of his house on the day the plaintiff was not in court. The plaintiff's counsel moved to strike the testimony and "said that he would stipulate that plaintiff had been on his feet in the last few days." (*Id*. at p. 362.) *Williams* concluded the trial court did not abuse its discretion in denying the continuance request under these circumstances. (*Ibid*.) The same applies here, as defense counsel had informed the court that defendant was on her feet taking her daughter to a doctor's appointment at the time of the trailed trial date despite claiming she was "medically unavailable" to attend trial.

The cases cited by defendant are inapposite. *Morehouse v. Morehouse* (1902) 136 Cal. 332 held that the trial court abused its discretion in denying a further continuance because the defendant had shown, by his physician's declaration, that he could not be deposed "without serious injury to him," or be brought to court for trial "'without great risk to his life.'" (*Id*. at p. 334.) By comparison in this case, the letter by defendant's physician did not qualify as a declaration and the fact defendant had taken her daughter to a doctor's appointment belies her claim she could not appear in court due to her illness.

*Betts Spring Co. v. Jardine Machinery Co*. (1914) 23 Cal.App. 705 is also distinguishable. There, the defendant's attorney had submitted an affidavit that his client had been seriously ill, had gone to Scotland on his physician's advice to recover three months prior to the setting of the case for trial, would return in two months, and was the only witness to prove matters in his own defense. The trial court there also remarked

6

there was no intimation of bad faith. (*Id*. at p. 706.) The appellate court reversed the denial of a continuance under these circumstances, and the fact the plaintiff had not shown any prejudice for a two-month delay given his lack of reasonable effort to bring the case to trial. (*Id*. at pp. 706-707.) Here, in contrast, all of defendant's continuance requests were made after the case had been set and re-set for trial numerous times, the case was filed in 2011, plaintiff had waited patiently for three years to try the case, and the trial court believed defendant may be intentionally trying to delay the trial to avoid a judgment against her.

In any event, despite cases finding it to be "reversible error and an abuse of discretion not to grant [a continuance] motion, especially where the witness is the only person who can establish essential facts . . . all such motions are addressed to the sound discretion of the court, and a legion of cases repeat the rule that the trial court's decision will not be reversed on appeal except upon a clear showing of an abuse of discretion." (*People Ex Rel. Dept. of Pub. Wks. v. Busick* (1968) 259 Cal.App.2d 744, 749.) Defendant has not met her burden.

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

7