Filed 6/29/23  Pacific Gas and Electric Co. v. McColm CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | C080984 |
| Plaintiff, Cross-defendant and Respondent, | (Super. Ct. No. 10CV065) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| PATRICIA A. MCCOLM, | [NO CHANGE IN JUDGMENT] |
| Defendant, Cross-complainant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on May 31, 2023, be modified as follows:

1

1.      Delete the second paragraph on page one that begins "PGE owns."  Insert the following paragraph in its place:

Public utility poles and electric transmission/distribution lines are located on the property of defendant and cross-complainant Patricia A. McColm (McColm).  When McColm began to interfere with PGE's ability to access and maintain the electric facilities, PGE filed this action seeking a declaration that PGE acquired a prescriptive easement across McColm's property for the purpose of maintaining and operating the electric facilities, damages for past interference with the easement, and injunctive relief against future interference with the easement.  McColm filed a cross-complaint alleging claims for quiet title, injunctive relief, breach of contract, and trespass.

2.      Delete the last paragraph on page two that begins "PGE is the owner." Insert the following paragraph in its place:

Located on McColm's property is a three-pole electric transmission/distribution line (with accompanying wires, insulators, connections, fastenings, and structures).  The electric facilities have been in place and operational for many years.  The facilities are an integral part of the Keswick-Trinity-Weaverville electric transmission/distribution line that serves thousands of residents and businesses between Weaverville and Eureka.

This modification does not change the judgment.

The petition for rehearing is denied.

BY THE COURT:

    ROBIE    , Acting P. J.

    RENNER    , J.

    KRAUSE    , J.

Filed 5/31/23  Pacific Gas and Electric Co. v. McColm CA3  (unmodified opinion)

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Plaintiff, Cross-defendant and Respondent,<br><br>v.<br><br>PATRICIA A. MCCOLM,<br><br>Defendant, Cross-complainant and Appellant. | C080984<br><br>(Super. Ct. No. 10CV065) |

This appeal challenges a judgment granting plaintiff and cross-defendant Pacific Gas and Electric Company (PGE) a prescriptive easement, damages, and injunctive relief.

PGE owns utility poles and electric transmission/distribution lines located on the property of defendant and cross-complainant Patricia A. McColm (McColm).  When McColm began to interfere with PGE's ability to access and maintain the electric facilities, PGE filed this action seeking a declaration that PGE acquired a prescriptive

1

easement across McColm's property for the purpose of maintaining and operating the electric facilities, damages for past interference with the easement, and injunctive relief against future interference with the easement. McColm filed a cross-complaint alleging claims for quiet title, injunctive relief, breach of contract, and trespass.

After a nine-day bench trial, the trial court granted judgment in favor of PGE and against McColm. McColm, proceeding in propria persona, appeals the judgment. Her lengthy opening brief includes 19 separate claims of error, but we can broadly categorize her claims as follows: the judgment is contrary to the facts and law; the trial court deprived her of due process and a fair trial; the court erred in denying her posttrial motions; the court improperly denied her requests for accommodations of disabilities; the court erroneously denied her a jury trial; the court erroneously denied her a statement of decision; and the court erred in awarding monetary sanctions against her. We conclude that McColm has forfeited appellate review of many of her contentions by filing deficient appellate briefs, and that the remaining contentions lack merit. Thus, we affirm the judgment.

BACKGROUND FACTS AND PROCEDURE[1]

McColm is the owner of certain real property located in Lewiston, Trinity County, California. She acquired title to the property in 2007 from her father, George McColm, who purchased the property in 1973.

PGE is the owner of a three-pole electric transmission/distribution line (with accompanying wires, insulators, connections, fastenings, and structures) located on McColm's property. The electric facilities have been in place and operational for many

---

[1] With permission of this court, McColm filed an oversized brief more than double the limit set forth in the California Rules of Court. Despite its length, McColm's opening brief provides little help in summarizing the relevant factual history. Because of the deficiencies in her brief, our summary of the facts is necessarily cursory, focusing instead on the procedural history.

2

years.  The facilities are an integral part of the Keswick-Trinity-Weaverville electric transmission/distribution line that serves thousands of residents and businesses between Weaverville and Eureka.

On June 25, 2010, PGE filed a verified complaint against McColm, individually, and as executor of her father's estate.  The complaint alleged that PGE owns an easement to erect, access, and maintain the electric facilities on McColm's property, as reflected in a grant of right of way in favor of Northern California Power Company, recorded on December 26, 1916 (the Easement Deed).  The complaint further alleged that beginning in 2006 or 2007, McColm materially interfered with PGE's easement rights by, among other things, refusing to allow PGE access to replace a power pole and perform necessary vegetation management.  PGE filed the complaint to enforce its rights under the Easement Deed.

After filing the complaint, PGE moved for a preliminary injunction to allow it to remove and replace a decayed pole and perform vegetation management.  In preparing for the hearing on the preliminary injunction, the parties discovered for the first time that the legal description in the Easement Deed did not describe McColm's property, meaning that PGE did not have a recorded easement right for her property.

On February 7, 2011, PGE filed a verified first amended complaint.  The amended complaint alleged that the electric facilities on McColm's property have been continuously maintained, used, and operated for at least 50 years under a claim of right or "color of title" stemming from the Easement Deed.  The complaint asserted four causes of action:  for injunctive relief; a prescriptive easement; reformation of the Easement Deed; and quiet title.[2]

---

[2]     PGE eventually dismissed the third cause of action for declaratory relief—reformation of the Easement Deed.

3

After a hearing on May 3, 2011, the trial court granted PGE's request for a preliminary injunction for the purpose of inspecting, maintaining, repairing, and replacing (if necessary) the power lines and poles on McColm's property.

On June 20, 2011, McColm filed a cross-complaint alleging claims against PGE and the Trinity Public Utilities District (the District) for quiet title; injunctive relief; breach of contract; and trespass. The cross-complaint sought to establish that the cross-defendants have no easement or other interest in her property; to enjoin the cross-defendants from entering her property; to compel removal of the electric facilities from her property; and to recover damages for injuries to McColm and her property.

On June 21, 2011, the court entered an order granting PGE's request for a preliminary injunction. In its ruling, the court found that PGE was likely to prevail on its cause of action for a prescriptive easement because the electric facilities have existed on McColm's property for 50 years or more. The court also found that the balance of harms supported injunctive relief.

In May 2012, the District filed a motion for judgment on the pleadings on McColm's cross-complaint against the District. After multiple continuances, the motion was scheduled for hearing in March 2013.

On February 11, 2013, McColm was incarcerated after being convicted of eight counts of knowingly procuring or offering a false instrument (a proof of service) for filing in a public office. (Pen. Code, § 115, subd. (a); see *People v. McColm* (June 16, 2015, No. C072960) [nonpub. opn.].) On March 1, 2013, McColm filed a request to stay all proceedings while she was incarcerated. The trial court granted a temporary stay of PGE's claims, but refused to stay the hearing on the District's motion for judgment on the pleadings.

At a hearing on March 25, 2013, the court granted the District's motion for judgment on the pleadings. A formal order granting the motion was entered in December 2014, and a judgment in favor of the District was entered on February 9, 2015. McColm

4

appealed the judgment. However, her request for a vexatious litigant prefiling order (Code Civ. Proc., § 391.7)[3] was denied and the appeal was dismissed.[4] (*Pacific Gas and Electric Company v. McColm* (June 8, 2015, No. C079344).)

After McColm's release from prison, the trial court lifted the stay. Between May 26, 2015, and July 10, 2015, the parties participated in a nine-day bench trial.

On August 28, 2015, the court issued a written memorandum of decision in favor of PGE and against McColm. On September 11, 2015, McColm filed a 26-page objection coupled with a request for a statement of decision, which PGE opposed. Concluding that McColm failed to meet the procedural and statutory requirements, the trial court denied McColm's request for a statement of decision and directed PGE to prepare a judgment based on its memorandum of decision.

On October 2, 2015, the court entered judgment in favor of PGE, concluding that PGE established a prescriptive easement to erect, access, and maintain the electric facilities through, over, and across McColm's property, effective as of January 1, 1957. The court granted PGE a permanent injunction that requires McColm allow PGE to access and use its prescriptive easement, and also awarded PGE (net) damages of $9,500 (plus costs) against McColm for past interference.

McColm filed motions to vacate the judgment and for a new trial, which were denied.

McColm timely filed a notice of appeal from the October 2, 2015 judgment.[5]

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

[4] On September 16, 2022, PGE asked that we take judicial notice of the June 8, 2015 order denying McColm's motion for relief from a prefiling order, the Supreme Court's September 23, 2015 order denying a petition for review, and the trial court's March 10, 2015 "Confidential ADA Decision." The requests are granted.

[5] McColm's initial notice of appeal, filed on December 31, 2015, appealed the October 2, 2015 judgment, but McColm failed to attach that judgment. McColm

5

DISCUSSION

It is difficult to understand the precise nature of McColm's claims in this appeal due to the rambling, disconnected, and incoherent nature of her briefs.  From what we can discern, she asserts 19 separate claims of error, although some of the claims appear to contain multiple issues, while others are repetitive/redundant.  For the reasons explained below, we do not find it necessary to address each of her 19 claims on the merits.  Further, we address repetitive/redundant arguments collectively.

I

*Violations of Appellate Rules*

We begin by noting that our review in this case has been severely impeded by the deficiencies in McColm's opening brief.

It is a fundamental principle of appellate review that the lower court's judgment is presumed to be correct and all intendments and presumptions are indulged in its favor. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  An appellant has the burden to overcome the presumption of correctness and show prejudicial error.  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.)

To prevail on appeal, an appellant " 'must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.'  [Citation.] 'It is not our place to construct theories or arguments to undermine the judgment and

_____

subsequently filed an amended notice of appeal, attaching the judgment.  In May 2016, after the clerk entered the amount of costs awarded to PGE on the judgment, McColm filed another notice of appeal as to the order awarding costs and "amended" judgment.  In these situations, where the original judgment contains an award of costs to the prevailing party as a matter of right, but leaves the amount for later determination, a separate appeal from an order fixing the amount of the award is permitted, but not required.  (*Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 996-998.)  In any event, McColm does not challenge the substance of the order awarding costs other than to argue that if we reverse the judgment, we must reverse the award of costs.  Thus, because we affirm the judgment, we also affirm the award of costs.  (*Kim v. TWA Construction, Inc.* (2022) 78 Cal.App.5th 808, 839.)

6

defeat the presumption of correctness.' " (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204.) The appellant must demonstrate error by presenting meaningful legal analysis supported by citations to authority and facts in the record in the argument section of the brief. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*); *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)[6] "When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.]" (*S.C., supra*, at p. 408.)

Appellate briefs also must "[s]tate each point under a separate heading or subheading summarizing the point." (Rule 8.204(a)(1)(B).) "This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' [Citations.]" (*S.C., supra*, 138 Cal.App.4th at p. 408.) Where an appellate brief fails to include proper headings for contentions discussed in a brief, those contentions need not be considered. (*Petrovich Development Co., LLC v. City of Sacramento* (2020) 48 Cal.App.5th 963, 976, fn. 9.)

In addition, when an appeal involves a challenge to the sufficiency of the evidence, it is the appellant's burden to identify and establish deficiencies in the evidence. (*Brown v. World Church* (1969) 272 Cal.App.2d 684, 690.) A reviewing court starts with a presumption that the record contains evidence to sustain every finding of fact. (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) Accordingly, if appellants contend a particular finding is not supported by the evidence, they are required to set forth in their brief all the material evidence on that point, both favorable and

---

[6]     Undesignated rule references are to the California Rules of Court.

unfavorable, and show how it is insufficient. (*Ibid*.) When an appellant's brief "states only favorable facts, ignoring evidence favorable to respondent, the appellate court may treat the substantial evidence issues as waived and presume the record contains evidence to sustain every finding of fact." (*Ibid*.; accord, *Garlock Sealing Technologies, LLC v. NAK Sealing Technologies Corp.* (2007) 148 Cal.App.4th 937, 951.)

These rules apply with equal force to self-represented litigants like McColm.[7] (*Flores v. Department of Corrections & Rehabilitation, supra*, 224 Cal.App.4th at pp. 204-205.) "A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys. [Citation.]" (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) While the implications of this rule may be harsh, it is not intended to penalize self-represented litigants. Instead, it is necessary to maintain the stability and smooth operation of the courts.

McColm has failed to comply with these appellate rules. Her brief contains numerous assertions of fact and law that are not supported by any legal authority or record citations. And she repeatedly raises issues in the body of her brief that are not clearly set out in a heading or supported by reasoned legal argument.

Further, despite basing many of her arguments on the (alleged) insufficiency of the evidence, her brief fails to provide a fair summary of the evidence presented at trial. The statement of facts is a selective compilation of evidence favorable to her position, which all but ignores the contrary evidence presented by PGE. While there is some discussion of PGE's evidence in the *argument* portion of her brief, the discussion is superficial, incomplete, and generally distorted. Nowhere in her brief is there a fair and accurate summary of the evidence and testimony presented at trial.

---

[7] While McColm is not a licensed attorney, she attended law school and has a juris doctor degree.

For the foregoing reasons, we decline to consider McColm's contentions that the judgment in favor of PGE is not supported by the facts or the law, that the court erred in denying McColm's posttrial motions for a new trial and to vacate the judgment, that the court erred in granting PGE's request for sanctions in the amount of $1,300, and that the court abused its discretion by directing clerks not to file documents without judicial approval.

Further, because this appeal concerns only the October 2, 2015 judgment in favor of PGE, and not the February 9, 2015 judgment in favor of the District—which was appealed previously and is now final—we also decline to consider contentions relating to the adequacy or correctness of the February 2015 judgment, including claims that the court erred in granting the District's motion for sanctions or motion for judgment on the pleadings.[8] (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 47; § 913.)

We will, however, address whether the trial court erred in (1) denying McColm's requests for accommodations under the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C.S. § 12101 et seq.; (2) denying McColm's request for a jury trial; (3) denying McColm's request for a statement of decision; (4) refusing to allow expert witness Ernest Rouse to testify at trial; or (5) refusing to disqualify the trial judge.

---

[8]    For similar reasons, we decline to consider any contentions seeking to advance the interests of defendant Margaret Hardman-Muye. McColm is not a party aggrieved by the judgment against defendant Hardman-Muye. Thus, McColm lacks standing to appeal any aspect of the judgment against Hardman-Muye. (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67-68 [injurious effect on another party is insufficient to confer appellate standing].)

9

II

*ADA Accommodations*

McColm contends the trial court's judgment must be reversed because the court erroneously denied or failed to rule on certain requests for accommodations of disabilities. We find no error.

A.    *Legal principles*

"It is the policy of the courts of this state to ensure that persons with disabilities have equal and full access to the judicial system." (Rule 1.100(b).) To accomplish this goal, rule 1.100 allows " '[p]ersons with disabilities' " to apply for " '[a]ccommodations,' " i.e., actions intended to ensure court services, programs, or activities will be accessible to persons with disabilities. (Rule 1.100(a)(1) & (3).) Such accommodations may include relocating services to accessible facilities, furnishing (at no charge) auxiliary aids and services, or making reasonable modifications in policies, practices, and procedures. (Rule 1.100(a)(3).) Under appropriate circumstances, an accommodation may include granting a continuance. (*Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 279 (*Vesco*).)

Rule 1.100 permits requests for accommodation to be made ex parte, but it requires they be made "as far in advance as possible" and "no fewer than five court days before the requested implementation date." (Rule 1.100(c)(3).) "Requests for accommodations must include a description of the accommodation sought, along with a statement of the medical condition that necessitates the accommodation." (Rule 1.100(c)(2).) The rule requires the court to promptly rule on every properly presented request for accommodation, and if the request is denied in whole or in part, the court must inform the applicant of the reason for the denial in writing. (Rule 1.100(e)(2).)

The grounds for denying a request for accommodation are limited. Under rule 1.100, "[a] request for accommodation may be denied only when the court determines that: [¶] (1) The applicant has failed to satisfy the requirements of this rule; [¶] (2) The

10

requested accommodation would create an undue financial or administrative burden on the court; or [¶] (3) The requested accommodation would fundamentally alter the nature of the service, program, or activity." (Rule 1.100(f).)

Wrongful denial of an accommodation is structural error, reversible per se. (*Biscaro v. Stern* (2010) 181 Cal.App.4th 702, 710.) However, failure to rule on an accommodation request may be harmless if the record shows the person requesting an accommodation did not satisfy the requirements of the rule. (*Id*. at p. 708.)

B.     *Additional background*

Over the course of the litigation, McColm filed numerous requests for accommodations. While the court ordinarily must keep confidential the information pertaining to an applicant's accommodation requests, we note that McColm has publicly disclosed (in her briefs and elsewhere) many of her claimed disabilities, which include Hashimoto's disease, sleep apnea, hearing loss with diminished comprehension, arthritis, disc disease/pain, back spasms, foot fracture/pain, posttraumatic stress disorder, and heart disease.[9] As accommodations for her stated disabilities, McColm requested continuances, extensions of time, limitations on the timing and duration of hearings/trial, and the use of a recording device.

The trial court granted many of McColm's requests for accommodations, in whole or in part. Others were denied.

C.     *Analysis*

Although McColm broadly complains about the trial court's handling of her accommodation requests throughout the case, the argument section of her brief discusses only a handful of her requests: a January 22, 2013 request to continue the hearing on the

---

[9]     Arguably, McColm has waived the confidentiality in her medical records—at least in part—by putting her physical/mental condition at issue. (See *Vesco, supra*, 221 Cal.App.4th at p. 279.) However, because we can resolve her claims without disclosing confidential medical information, it is unnecessary for us to decide that issue.

11

District's motion for judgment on the pleadings; a November 24, 2014 request to continue trial; a January 9, 2015 request to continue trial; a May 2015 request for a specialized court reporter during trial; and a June 3, 2015 request to postpone or stay the trial. As these are the only accommodation requests appropriately supported by citations to authority and the record, they are the only ones we will consider here. (*Alki Partners, LP v. DB Fund Services, LLC, supra*, 4 Cal.App.5th at p. 590, fn. 8 [appellate courts will decline to consider factual assertions unsupported by record citations in the argument section of the brief].) We conclude that McColm has failed to meet her burden to show that any of these accommodation requests were erroneously denied or disregarded.

### 1. *January 22, 2013 request*

McColm's January 22, 2013 accommodation request sought to continue the hearing on the District's motion for judgment on the pleadings (and sanctions). The request was based on an alleged "Acute Illness," and sought a temporary continuance of about two to three weeks. Notably, the court granted the request, continuing the hearing from January 25, 2013, to March 25, 2013. Nevertheless, McColm objects to the ruling because the court set the continued hearing for a hearing on the merits, rather than a hearing setting conference. This argument fails. McColm does not explain, and we fail to discern, how the ruling *granting* her January 2013 request for a continuance violated the ADA or rule 1.100. (See *Stewart v. Happy Herman's Cheshire Bridge* (11th Cir. 1997) 117 F.3d 1278, 1285-1286 [under the ADA, a qualified individual is not entitled to the accommodation of her choice].)

### 2. *November 24, 2014 request*

On November 19, 2014, McColm filed an accommodation request seeking to continue trial "for at least six months." The court denied the request because (1) the medical information provided by McColm was "too vague" to support the requested accommodation; and (2) she failed to give the opposing party notice and an opportunity to be heard. (See *Vesco, supra*, 221 Cal.App.4th at p. 280 [opposing party must be given

12

notice and an opportunity to view medical records and other material on which applicant relies].)

On November 24, 2014, McColm filed a "supplemental" request, providing additional support for the requested six-month continuance. McColm contends the trial court failed to rule on her supplemental request. McColm is mistaken.

In denying the November 19, 2014 accommodation request, the court informed McColm that it would consider any supplemental medical information provided by her at a future hearing. This is precisely what happened.[10] Thus, the court did not fail to rule on the November 24 supplemental accommodation request; it simply denied it at a later hearing.

### 3. *January 9, 2015 request*

The court denied McColm's January 9, 2015 request for a trial continuance because it combined disability and nondisability justifications and because the court was scheduled to hear a substantially similar accommodation request on January 30, 2015. The record supports the court's reasoning. We find no error.

### 4. *Pretrial request for specialized court reporter*

About five or six court days before trial, McColm filed a request to have a communication access realtime translation (CART) capable court reporter at trial. Although the court allowed McColm to use a personal recording device and limited the length of time that court would be in session each day, the court denied McColm's request for a CART reporter because (1) a CART reporter was not available; (2) there

---

[10]    In its ruling denying the November 19 request, the court informed McColm that it would further consider the request at the status conference on November 24. At the status conference, the court denied McColm's oral motion for a continuance and set a further status conference for January 30, 2015. On January 30, 2015, the court held a confidential hearing to address McColm's accommodation request, which was followed by a confidential ADA decision.

was no demonstrated factual basis to support the need for a CART reporter; and (3) it appeared to the court that the request was an improper attempt to delay the start of trial.

McColm argues on appeal that a CART reporter was a medically necessary accommodation for her hearing loss (and resulting slowed comprehension), and that the lack of a CART reporter denied her a fair trial. We are not persuaded.

First, we agree with the trial court that the information provided by McColm was inadequate to support her request for a CART reporter. McColm supplied no sworn declaration from a physician addressing the severity of her hearing loss as of May 2015 or showing that her condition necessitated that type of accommodation. (See *Lewis v. Neptune Society Corp.* (1987) 195 Cal.App.3d 427, 429-430.) In addition, McColm had demonstrated her ability to successfully participate in court proceedings without a CART reporter. As the court observed: "I have had an opportunity to see the applicant, hear the applicant, to judge her ability to understand the proceedings in the courtroom. And except maybe in the last 15 minutes it certainly does not appear to me that she has had difficulty in conducting business within this courtroom." The record supports the court's observations.

Moreover, since a CART reporter was not available, granting the accommodation would have created an undue administrative burden and further delayed the start of trial. Thus, for all of these reasons, the trial court did not err in denying McColm's request for a CART reporter.

5. *June 3, 2015 request*

In her June 3, 2015 accommodation request, McColm sought to continue trial due to a foot fracture. The court denied her request, noting that McColm failed to show why the claimed injury rendered her unable to proceed. Aside from disagreeing with the result, and making unsupported accusations of bias, McColm has failed to explain how the court violated rule 1.100 in denying her request.

14

McColm's reliance on *In re Marriage of James & Christine C*. (2008) 158 Cal.App.4th 1261 is misplaced.  In that case, it was undisputed that the applicant was suffering from an ongoing disability (bipolar disorder and cancer) that required hospitalization the day before trial.  (*Id*. at p. 1277.)  In addition, the application was supported with a declaration from an oncologist stating that the applicant was "not fit for trial." (*Id*. at p. 1268.)  Under those circumstances, the appellate court held a continuance was a reasonable, if not necessary, accommodation, even if it meant a delay in trial.  (*Ibid*.)  This case is distinguishable.  Here, there was no sworn evidence of a debilitating illness rendering McColm temporarily unfit for trial.  Accordingly, we conclude McColm failed to meet her burden to show the court erred in denying her accommodation request.

## III

### *Jury Trial*

McColm contends that the judgment must be reversed because the trial court denied her right to a jury trial.  We disagree.

Although the right to a jury trial in civil cases is constitutionally guaranteed, that right may be waived "by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16.)  Under section 631, a party in a civil case may waive the right to a jury trial in several ways, including by failing to timely deposit the jury fees required by section 631.  (§ 631, subd. (f).)  Here, McColm waived her right to a jury trial by failing to timely deposit the jury fees (or obtain an appropriate fee waiver).  (§ 631, subds. (b), (c)(2), (f)(5).)

Once there has been a waiver, it cannot be withdrawn except at the discretion of the trial court.  (*Day v. Rosenthal* (1985) 170 Cal.App.3d 1125, 1176 (*Day*); *McIntosh v. Bowman* (1984) 151 Cal.App.3d 357, 363 (*McIntosh*); § 631, subd. (g).)  In exercising its discretion, a trial court may consider many factors, such as delay in rescheduling the trial for a jury, lack of funds, the timeliness of the request, the reason for the request, and the possibility of prejudice to the litigants, the court, or its calendar.  (*McIntosh, supra*, at p.

363; *Day, supra*, at p. 1176.) Because the matter is addressed to the trial court's discretion, a trial court's decision to deny relief will not be disturbed absent an abuse of discretion. (*McIntosh*, at p. 363.)

In cases where the party seeking relief has mistakenly or inadvertently waived a trial by jury, doubts concerning the propriety of granting relief generally should be resolved in favor of the moving party. (*TriCoast Builders, Inc. v. Fonnegra* (2022) 74 Cal.App.5th 239, 249-250, review granted Apr. 27, 2022, S273368 (*TriCoast*).) Courts have held that a trial court may abuse its discretion in denying relief if there has been no prejudice to the other party or the court from an inadvertent waiver. (*Gann v. Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1704.) However, a trial court acts properly in denying relief if granting the demand would cause prejudice to the opposing party or the court, or if the reason for the demand is merely a " 'pretext to obtain continuances and thus trifle with justice.' " (*March v. Pettis* (1977) 66 Cal.App.3d 473, 480.)

"When reviewing a trial court's order for abuse of discretion, an appellate court presumes that the order is correct." (*TriCoast, supra*, 74 Cal.App.5th at p. 250, rev.gr.) The appellant bears the burden of affirmatively demonstrating error. (*Ibid*.)

McColm has failed to show the trial court abused its discretion by denying her request for relief from waiver. The trial court properly considered the timing of her motion—five court days before trial—and concluded that granting her relief would result in another delay of trial and thereby cause undue hardship to PGE, the court, and the witnesses scheduled to testify. We conclude the trial court was well within its discretion in reaching this conclusion, not only because of the timing of the request, but also because of the very real possibility that McColm filed the motion as a tactical device to

16

delay trial.**11** (*TriCoast, supra*, 74 Cal.App.5th at p. 249 [affirming denial where request made on first day of trial], rev.gr.; *Gann v. Williams Brothers Realty, Inc., supra*, 231 Cal.App.3d at pp. 1704-1705 [affirming denial where request was made five days before trial]; *Day, supra*, 170 Cal.App.3d at p. 1176; *McIntosh, supra*, 151 Cal.App.3d at p. 363 [affirming denial where continuance would have been necessary].) Accordingly, we reject McColm's contention that the trial court improperly denied her a jury trial.

IV

*Statement of Decision*

Interspersed throughout McColm's opening brief is a contention the trial court erred by failing to issue a statement of decision. We again are not persuaded.

Section 632 provides that upon the trial of a question of fact, any party appearing at trial may request the court issue a statement of decision. (§ 632.) A proper request must "specify those controverted issues as to which the party is requesting a statement of decision." (*Ibid*.) This "serves the function of advising the trial court of exactly what issues the parties view as materially controverted at the close of the evidence." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 982 (*Thompson*).)

If a party timely and properly requests a statement of decision, the court must within 30 days of the tentative decision prepare and serve a proposed statement of decision. (Rule 3.1590(f).) The statement of decision "need not respond to every point raised by a party or make an express finding of fact on each contested factual matter . . . ." (*Duarte Nursery, Inc. v. California Grape Rootstock Improvement Com.* (2015) 239 Cal.App.4th 1000, 1012.) But it must "dispose of all basic issues and fairly disclose the court's determination as to ultimate facts and material issues in the case."

---

**11** Virtually every important event in the litigation was preceded by a request for a continuance, extension, stay, accommodation, or disqualification motion. And almost every adverse ruling was followed by an objection, motion for reconsideration, or accusation of clerical/judicial misconduct.

17

(*Ibid*.) "[T]he term 'ultimate fact' generally refers to a core fact, such as an essential element of a claim. [Citation.] Ultimate facts are distinguished from evidentiary facts and from legal conclusions." (*Central Valley General Hospital v. Smith* (2008) 162 Cal.App.4th 501, 513.)

Here, there is no dispute that McColm's request for a statement of decision was timely submitted. The issue is whether it was in proper form. The trial court concluded it was not, ruling: "[McColm's] request fails to state the principal controverted issues and asks the court to answer in excess of 35 questions, most of which are clearly not related to 'principal controverted issues.' The court is not going to wade through the maze of objections and argument to discern what answers [McColm] is seeking beyond those already stated in the memorandum of decision." Thus, the court deemed her request for a statement of decision to have been "waived" (or, more accurately, forfeited), and directed PGE to prepare a judgment based on its memorandum of decision.

McColm contends, as she did below, that forfeiture is authorized only for failure to timely file a request for a statement of decision. We disagree. The requirement to issue a statement of decision presupposes that there has been a request for a statement of decision that complies with the requirements of section 632. (See *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 558 (*Yield Dynamics*).) Under section 632, a request for a statement of decision must be timely *and* must specify, in a proper form, the principal controverted issues to be addressed by the court. (§ 632; *Thompson, supra*, 6 Cal.App.5th at p. 982; rule 3.1590(d).)

Numerous California courts have held that where a request for a statement of decision fails to adequately specify the principal controverted issues, the party may be deemed to have forfeited the right to raise the issue on appeal. (See, e.g., *Thompson, supra*, 6 Cal.App.5th at p. 983; *Conservatorship of Hume* (2006) 140 Cal.App.4th 1385, 1394; *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 981-982; *City of*

18

*Coachella v. Riverside County Airport Land Use Com.* (1989) 210 Cal.App.3d 1277, 1292.)

We find the reasoning of these cases persuasive. "We do not suppose perfection can fairly be required in the framing of a request for a statement of decision, but neither do we suppose that a trial judge can be required to sift through a host of improper specifications in search of the few arguably proper ones." (*Yield Dynamics, supra*, 154 Cal.App.4th at p. 559.) "A party is not entitled to a statement of decision based on a 'general inquisition' that 'unfairly burdens the trial judge in that he must not only speculate which questions embrace ultimate as distinguished from evidentiary facts, but also search his recollection of the record without the assistance of a suggestion from counsel.' [Citations.]" (*Conservatorship of Hume, supra*, 140 Cal.App.4th at p. 1394; accord, *In re Marriage of Falcone & Fyke, supra*, 203 Cal.App.4th at pp. 981-982; *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 525, abrogated on other grounds by *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 184.)

McColm's request for a statement of decision suffers from this fatal defect. Rather than attempting to specify the principal controverted issues at trial, she instead used her request primarily as a means of rearguing her case. More than half of the 26-page request consists of McColm quoting or referencing statements made in the memorandum of decision and then arguing why those statements were unsupported by the facts and/or law. McColm devotes another 10 pages to criticizing the court's memorandum of decision for failing to resolve intermediate evidentiary conflicts or failing to explain, in detail, why her evidence and arguments were not persuasive. The remainder consists of a laundry list of 35 questions/issues she demanded the court address, most of which concerned matters that were not principal controverted issues at trial, such as (1) requests for trial continuances; (2) evidentiary rulings; (3) a motion for judgment on the pleadings and motions for mistrial; and (4) motions to disqualify the

19

judge. She also generally requested a statement of decision on "each element of each cause of action and defense" and "each ground raised" in her posttrial brief, without specifying what any of those were.

In short, McColm's request was procedurally improper. It unfairly sought to require the trial court to "sift through a host of improper specifications in search of the few arguably proper ones." (*Yield Dynamics, supra*, 154 Cal.App.4th at p. 559.) Under the circumstances, the trial court was justified in concluding that McColm forfeited her right to a statement of decision.

In any event, even if we were to find the trial court erred in failing to issue the requested statement of decision, we would not find the error prejudicial. As our Supreme Court held in *F.P. v. Monier* (2017) 3 Cal.5th 1099, "a trial court's error in failing to issue a requested statement of decision is not reversible per se, but is subject to harmless error review." (*Id*. at p. 1108.)

Here, although the trial court's memorandum of decision was not a statement of decision, it nonetheless appears to have satisfied the requirements of one, and it is clear from the record that the court intended the memorandum of decision to serve as the basis for its judgment.[12] (*Flynn v. Flynn* (1954) 42 Cal.2d 55, 59 [a document may be incorporated into a judgment either expressly or by "apt reference"]; see *In re Marriage of Seaman & Menjou* (1991) 1 Cal.App.4th 1489, 1494, fn. 3 [absence of statement does not hamper review where judgment sets forth the reasons].) Thus, the record contains an adequate explanation of the factual and legal basis for the trial court's decision.

In contrast, McColm has failed to demonstrate any prejudice from the lack of a formal statement of decision. Indeed, the deficiencies in her brief prevent her from

---

[12]     At minimum, the memorandum of decision may be used as a guide to discover the grounds for the judgment and show the absence of prejudicial error. (*Tyler v. Children's Home Society* (1994) 29 Cal.App.4th 511, 526, fn. 7; *Balding v. Atchison, T. & S. F. R. Co.* (1964) 225 Cal.App.2d 254, 258.)

20

establishing it is reasonably probable that a result more favorable to McColm would have been reached in the absence of the error. (See *People v. Casa Blanca Convalescent Homes, Inc., supra*, 159 Cal.App.3d at p. 524 [failure to make finding on immaterial issue is harmless]; *Division of Labor Law Enforcement v. Transpacific Transportation Co.* (1977) 69 Cal.App.3d 268, 278 [failure to make finding is harmless when the finding necessarily would have been adverse to the appellant]; *McAdams v. McElroy* (1976) 62 Cal.App.3d 985, 996 [failure to make finding harmless when it reasonably may be found to be implicit in other findings].)

V

*Exclusion of Expert Testimony*

McColm contends the trial court erred by refusing to allow her expert on forestry and damages, Ernest Rouse (Rouse), to testify even though he was in the courtroom and ready to present evidence. This contention relies on a mischaracterization of the record.

Contrary to what McColm argues, the trial court did not prohibit Rouse from testifying at trial. Instead, the record shows that McColm was "free to call" Rouse as a witness during her case-in-chief, but Rouse was not available and prepared to testify until the last day of trial, after the close of her case-in-chief. When McColm requested on the last day of trial that the court nevertheless allow Rouse to testify, the court denied her request, noting that (1) the last day of trial was reserved for the presentation of rebuttal and surrebuttal evidence; (2) McColm previously stated Rouse was not available to testify until after the close of trial; (3) allowing Rouse to testify would require the court to extend trial; and (4) McColm failed to make an offer of proof as to the testimony expected from Rouse. On this record, we cannot say that the court abused its discretion by refusing to extend the trial to allow Rouse to testify.

21

## VI

### *Judicial Disqualification*

McColm argues the trial court erred in denying her motions to disqualify Judge Murray or that Judge Murray erred in failing to recuse himself for prejudicial bias. However, under section 170.3, subdivision (d), a petition for a writ of mandate is the exclusive means for review of an order denying a motion to disqualify a judge. (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063; *Roberts v. County of Los Angeles* (2009) 175 Cal.App.4th 474, 487.) Thus, McColm's contentions regarding the disqualification motions are not properly raised in this appeal.

### DISPOSITION

The judgment is affirmed. Plaintiff and cross-defendant PGE shall recover its costs on appeal. (Rule 8.278(a)(1) & (2).)


                                                                        KRAUSE         , J.


We concur:


      ROBIE          , Acting P. J.


      RENNER        , J.